McKinney, J.,
delivered the opinion of the court.
This was an action of ejectment brought to recover a tract of land, situate in Hardeman county.
The facts of the case, as agreed upon by the parties, are as follows : The parties, respectively, claim to have derived title to the premises described in the declaration, from Thomas Murphy, the former owner thereof. The lessor of the plaintiff, to establish his title, shows, that on the 29th of May, 1848, he instituted an action of debt against Murphy, in the circuit court of Hardeman, and during the pendency of that suit, to wit, on the 29th of January, 1849, he sued out an attachment against said Murphy, the defendant, pursuant to the provisions of the 1st section of the act of 1843, ch. 29, which attachment, on the morning of the day of its issuance, was levied on the tract of land in dispute. The attachment was issued by a justice of the peace of said county of Hardeman, returnable to said circuit court; and, upon being levied, was duly returned. At the February term, 1849, of said court, judgment was rendered in said suit in favor of the plaintiff for $600 52, and the land attached, not having been replevied, a writ of venditioni exponas was awarded by the court for the sale of the same, to *570 satisfy said judgment. On the 19th of May, 1849, said land was accordingly sold, and the lessor of the plaintiff became the purchaser, and received a deed from the sheriff on the same day. The regularity of all these proceedings is conceded ; and upon the title thus derived, the lessor of the plaintiff relies for a recovery.
The defendants below, now plaintiffs in error, relied upon a conveyance of said land by Murphy to James W. Hervey, under whom they claim, regularly executed prior to the issuance and levy of the attachment, to wit, on the 8th of January, 1849, which deed was proved on the 29th of January, 1849, the day on which the attachment was levied, and was filed for registration on the evening of the same day at four and a half o’clock, several hours after the levy of the attachment. Verdict and judgment were for the lessor of the plaintiff in the court below; and the cause is brought here by an appeal in error.
The principal question discussed in the argument here, is, whether or not the levy of the attachment, which was prior to the registration of the deed under which the plaintiffs in error derive their title, created such a lien upon the land, as after the judgment of condemnation, and a sale under the writ of venditioni exponas, and a conveyance from the sheriff in pursuance of such sale, defeated the operation of the deed to Hervey, and invested the lessor of the plaintiff with the better title to the land.
Upon this question there can be no doubt. By the registry act of 1831, an unregistered deed is declared void as to creditors. Before registration, the creditors of the vendor may proceed against the property, in any mode permitted by law, as by fastening upon it the lien of a judgment, or of an execution, or of an attachment. The levy of an attachment fixes a special lien upon the property attached, which, if the property be not released therefrom by replevy, is continued *571 and made effectual by the judgment of condemnation, and sale under the writ of venditioni exponas. This lien is no less operative to defeat an unregistered deed, than the lien of a judgment or execution; and it will hold wherever the latter would take effect. It is conceded that the lien of a judgment or execution would have rendered the deed in question a nullity, as against the creditor in whose favor the lien had attached ; but this effect is denied to the levy of an attachment, on the ground that the plaintiff in the attachment was not a judgment creditor at the time the same was levied, nor until after the deed from Murphy to Hervey was registered; and that it is only judgment creditors who are recognized by the act of 1831, The general rule is well settled, that registration is necessary only as to judgment creditors; andthatnone others can impeach any conveyance which the debtor may have made of his property, however fraudulent, except Iona fide purchasers. But to this rule the law has made an exception in the case of an attaching creditor; and the lien acquired by the attachment is regarded as of equal force with the lien of a judgment or execution. It was accordingly held by this court, in the case of Sharp vs. Ferrill and others, at the last term at Knoxville, that a creditor at large might, in equity, attach the property of his debtor, fraudulently conveyed; and impeach the conveyance in the same manner, and to the same extent as a judgment creditor.
The principle is, that the lien of an attachment shall have the same effect, both at law and in equity, as judgment and execution liens. From which it necessarily results, that whatever right or interest in property of a debtor, whether of a legal or equitable nature, would be affected by the lien of a judgment or execution, will in like manner be affected and made subject by the lien of an attachment.
In this View of the case, there is no error in the judgment of the circuit court, and it will be affirmed.